1  Stephen M. Doniger, Esq. (SBN 179314)
   Email: Stephen@DonigerLawFirm.com
2  Scott A. Burroughs, Esq. (SBN 235718)
   Email: Scott@DonigerLawFirm.com
3  DONIGER / BURROUGHS APC
4  300 Corporate Pointe, Suite 355
5  Culver City, California  90230
   Telephone: (310) 590-1820
6  Facsimile:  (310) 417-3538

7  Attorneys for Plaintiff
8



9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12  ADVANCED VISUAL IMAGE            Case No.: CV10  9383
    DESIGN, LLC, dba AVID INK, a
13  California Limited Liability Company,
                                     PLAINTIFF'S COMPLAINT FOR:
14                Plaintiff,
                                     1.  COPYRIGHT INFRINGEMENT;
15
                                     2.  VICARIOUS AND/OR
16  vs.                                  CONTRIBUTORY COPYRIGHT
                                         INFRINGEMENT
17  EXIST, INC., a Florida Corporation;
18  ROSS STORES, INC., a California      Jury Trial Demanded
    Corporation; and DOES 1-10,
19
20                Defendants.

21

22       Plaintiff, ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK

23  (hereinafter "AVID" or "Plaintiff"), by and through its undersigned attorneys, hereby

24  prays to this honorable Court for relief based on the following:

25              **JURISDICTION AND VENUE**

26       1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., §

27  101 *et seq.*

28                          1
                        COMPLAINT

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff AVID is a corporation organized and existing under the laws of the State of California with its principal place of business located at 229 North Sherman Avenue, Corona, California 92882.

5.     Plaintiff is informed and believes and thereon alleges that Defendant EXIST, INC. ("EXIST") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1650 Northwest 23rd Avenue, Bay A, Fort Lauderdale, Florida 33311.

6.     Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS"), individually and doing business as "dd's Discounts," is a corporation organized and existing under the laws of the State of California, with its principal place of business at 4440 Rosewood Drive, Building 4, Pleasanton, California 94588.

7.     Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said

1  Defendants by such fictitious names and will seek leave to amend this complaint to
2  show their true names and capacities when same have been ascertained.

3      8.    Defendants DOES 1 through 10, inclusive, are other parties not yet
4  identified who have infringed Plaintiff's copyrights, have contributed to the
5  infringement of Plaintiff's copyrights, or have engaged in one or more of the
6  wrongful practices alleged herein. The true names, whether corporate, individual or
7  otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,
8  which therefore sues said Defendants by such fictitious names, and will seek leave to
9  amend this Complaint to show their true names and capacities when same have been
10  ascertained.

11      9.    Plaintiff is informed and believes and thereon alleges that at all times
12  relevant hereto each of the Defendants was the agent, affiliate, officer, director,
13  manager, principal, alter-ego, and/or employee of the remaining Defendants and was
14  at all times acting within the scope of such agency, affiliation, alter-ego relationship
15  and/or employment; and actively participated in or subsequently ratified and adopted,
16  or both, each and all of the acts or conduct alleged, with full knowledge of all the
17  facts and circumstances, including, but not limited to, full knowledge of each and
18  every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
19  thereby.

20  **CLAIMS RELATED TO DESIGN A113018**

21      10.    At least as early as July of 2009, Plaintiff was publishing and offering
22  for sale a two-dimensional artistic rendering of roses and varying vine intricacies
23  which it had allocated Internal Design Code A113018 ("Subject Design A"). This
24  artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

25      11.    In early 2010, Plaintiff's investigation into the unlawful use of its
26  proprietary designs revealed that EXIST was purchasing, distributing and selling for
27  profit, garments which infringed Subject Design A (hereinafter "Accused Garments

28

A"). A true and correct copy of Subject Design A, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design A, is attached hereto as Exhibit 1.

12.    In November of 2010 Plaintiff found offending EXIST garments for sale at ROSS, including but not limited to dresses sold under the "Cristinalove" label and ROSS SKU No. 400057291092.

## CLAIMS RELATED TO DESIGN A112607

13.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of alternating flowers and bird wings of varying intricacies which it had allocated Internal Design Code  A112607 ("Subject Design B"). This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

14.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design B (hereinafter "Accused Garments B"). A true and correct copy of Subject Design B, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design B, is attached hereto as Exhibit 2.

## CLAIMS RELATED TO DESIGN A113736

15.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a symmetrical design interspersed with floral arrangements which it had allocated Internal Design Code A113736 ("Subject Design C").  This artwork is, and at all relevant times was, owned in exclusivity by Plaintiff.

16.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design C (hereinafter "Accused Garments

1  C"). A true and correct copy of Subject Design C, as well as an exemplar of a
2  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design C, is
3  attached hereto as Exhibit 3.

**CLAIMS RELATED TO DESIGN A113883**

5      17.    At least as early as July 2009, Plaintiff was publishing and offering for
6  sale a two-dimensional artistic rendering of symmetrical, kaleidoscope-like medallion
7  arrangements which it had allocated Internal Design Code A113883 ("Subject Design
8  D").

9      18.    In early 2010, Plaintiff's investigation into the unlawful use of its
10  proprietary designs revealed that EXIST was purchasing, distributing and selling for
11  profit, garments which infringed Subject Design D (hereinafter "Accused Garments
12  D"). A true and correct copy of Subject Design D, as well as an exemplar of a
13  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design D, is
14  attached hereto as Exhibit 4.

**CLAIMS RELATED TO DESIGN A110352**

16      19.    At least as early as July 2009, Plaintiff was publishing and offering for
17  sale a two-dimensional artistic rendering of leaves and medallion patterns which it
18  had allocated Internal Design Code A110352 ("Subject Design E").

19      20.    In early 2010, Plaintiff's investigation into the unlawful use of its
20  proprietary designs revealed that EXIST was purchasing, distributing and selling for
21  profit, garments which infringed Subject Design E (hereinafter "Accused Garments
22  E"). A true and correct copy of Subject Design E, as well as an exemplar of a
23  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design E, is
24  attached hereto as Exhibit 5.

**CLAIMS RELATED TO DESIGN M111486**

5
COMPLAINT

21.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of alternating birds, hearts and crowns which it had allocated Internal Design Code M111486 ("Subject Design F").

22.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design F (hereinafter "Accused Garments F"). A true and correct copy of Subject Design F, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design F, is attached hereto as Exhibit 6.

## CLAIMS RELATED TO DESIGN A112883

23.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of medallion patterns of various sizes which it had allocated Internal Design Code A112883 ("Subject Design G").

24.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design G (hereinafter "Accused Garments G"). A true and correct copy of Subject Design G, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design G, is attached hereto as Exhibit 7.

## CLAIMS RELATED TO DESIGN A113729

25.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of paisley patterns of various sizes which it had allocated Internal Design Code A113729 ("Subject Design H").

26.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design H (hereinafter "Accused Garments H"). A true and correct copy of Subject Design H, as well as an exemplar of a

1  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design H, is
2  attached hereto as Exhibit 8.

3  **CLAIMS RELATED TO DESIGN A109573**

4      27.     At least as early as July 2009, Plaintiff was publishing and offering for
5  sale a two-dimensional artistic rendering of paisley patterns of various sizes which it
6  had allocated Internal Design Code A109573 ("Subject Design I").

7      28.     In early 2010, Plaintiff's investigation into the unlawful use of its
8  proprietary designs revealed that EXIST was purchasing, distributing and selling for
9  profit, garments which infringed Subject Design I (hereinafter "Accused Garments
10 I"). A true and correct copy of Subject Design I, as well as an exemplar of a garment
11 sold by EXIST in violation of Plaintiff's copyright in Subject Design I, is attached
12 hereto as Exhibit 9.

13 **CLAIMS RELATED TO DESIGN M113443**

14     29.     At least as early as July 2009, Plaintiff was publishing and offering for
15 sale a two-dimensional artistic rendering of paisley patterns of various sizes which it
16 had allocated Internal Design Code M113443 ("Subject Design J").

17     30.     In early 2010, Plaintiff's investigation into the unlawful use of its
18 proprietary designs revealed that EXIST was purchasing, distributing and selling for
19 profit, garments which infringed Subject Design J (hereinafter "Accused Garments
20 J"). A true and correct copy of Subject Design J, as well as an exemplar of a garment
21 sold by EXIST in violation of Plaintiff's copyright in Subject Design J, is attached
22 hereto as Exhibit 10.

23 **CLAIMS RELATED TO DESIGN M117896**

24     31.     At least as early as July 2009, Plaintiff was publishing and offering for
25 sale a two-dimensional artistic rendering of tribal designs of various sizes which it
26 had allocated Internal Design Code M117896 ("Subject Design K").

32.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design K (hereinafter "Accused Garments K"). A true and correct copy of Subject Design K, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design K, is attached hereto as Exhibit 11.

### CLAIMS RELATED TO DESIGN A102868

33.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of animal print and leaves which it had allocated Internal Design Code A102868 ("Subject Design L").

34.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design L (hereinafter "Accused Garments L"). A true and correct copy of Subject Design L, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design L, is attached hereto as Exhibit 12.

### CLAIMS RELATED TO DESIGN A112523

35.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of kaleidoscope-like patterns of various sizes which it had allocated Internal Design Code A112523 ("Subject Design M").

36.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design M (hereinafter "Accused Garments M"). A true and correct copy of Subject Design M, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design M, is attached hereto as Exhibit 13.

### CLAIMS RELATED TO DESIGN A111971

37.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of butterflies and flowers which it had allocated Internal Design Code A111971 ("Subject Design N").

38.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design N (hereinafter "Accused Garments N"). A true and correct copy of Subject Design N, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design N, is attached hereto as Exhibit 14.

## CLAIMS RELATED TO DESIGN M113797

39.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of rose and vine patterns of various sizes which it had allocated Internal Design Code M113797 ("Subject Design O").

40.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design O (hereinafter "Accused Garments O"). A true and correct copy of Subject Design O, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design O, is attached hereto as Exhibit 15.

## CLAIMS RELATED TO DESIGN A113287

41.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a butterfly and peacock feathers which it had allocated Internal Design Code A113287 ("Subject Design P").

42.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design P (hereinafter "Accused Garments

1    P"). A true and correct copy of Subject Design P, as well as an exemplar of a garment

2    sold by EXIST in violation of Plaintiff's copyright in Subject Design P, is attached

3    hereto as Exhibit 16.

4                    **CLAIMS RELATED TO DESIGN M111562**

5          43.    At least as early as July 2009, Plaintiff was publishing and offering for

6    sale a two-dimensional artistic rendering of symmetrical paisley patterns of various

7    sizes which it had allocated Internal Design Code M111562 ("Subject Design Q").

8          44.    In early 2010, Plaintiff's investigation into the unlawful use of its

9    proprietary designs revealed that EXIST was purchasing, distributing and selling for

10   profit, garments which infringed Subject Design Q (hereinafter "Accused Garments

11   Q"). A true and correct copy of Subject Design Q, as well as an exemplar of a

12   garment sold by EXIST in violation of Plaintiff's copyright in Subject Design Q, is

13   attached hereto as Exhibit 17.

14         45.    In November of 2010 Plaintiff found offending EXIST garments for sale

15   at ROSS, including but not limited to dressed sold under the "Ocean Breeze" label

16   bearing Exist Style No. 29-213 and ROSS SKU No. 400056481684.

17                   **CLAIMS RELATED TO DESIGN A110757**

18         46.    At least as early as July 2009, Plaintiff was publishing and offering for

19   sale a two-dimensional artistic rendering of gray and white tribal flourishes which it

20   had allocated Internal Design Code A110757 ("Subject Design R").

21         47.    In early 2010, Plaintiff's investigation into the unlawful use of its

22   proprietary designs revealed that EXIST was purchasing, distributing and selling for

23   profit, garments which infringed Subject Design R (hereinafter "Accused Garments

24   R"). A true and correct copy of Subject Design R, as well as an exemplar of a

25   garment sold by EXIST in violation of Plaintiff's copyright in Subject Design R, is

26   attached hereto as Exhibit 18.

27

28                                        10
                                      COMPLAINT

48.    In November of 2010 Plaintiff found offending EXIST garments for sale at ROSS, including but not limited to dressed sold under the "Cristinalove" label bearing Exist Style No. 29-226 and ROSS SKU No. 400057398936.

### CLAIMS RELATED TO DESIGN NOS. A114682/ M117039

49.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of flower and bird wing patterns of various sizes which it had allocated Internal Design Codes A114682/ M117039 (Subject Design S").

50.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design S (hereinafter "Accused Garments S"). A true and correct copy of Subject Design S, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design S, is attached hereto as Exhibit 19.

### CLAIMS RELATED TO DESIGN M109830

51.    At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of flowers and tribal branches which it had allocated Internal Design Code M109830 ("Subject Design T").

52.    In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design T (hereinafter "Accused Garments T"). A true and correct copy of Subject Design T, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design T, is attached hereto as Exhibit 20.

### CLAIMS RELATED TO DESIGN A111228

53.   At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of flowers and intricate paisley patterns which it had allocated Internal Design Code A111228 ("Subject Design U").

54.   In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design U (hereinafter "Accused Garments U"). A true and correct copy of Subject Design U, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design U, is attached hereto as Exhibit 21.

## CLAIMS RELATED TO DESIGN A113772

55.   At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of an abstract floral design which it had allocated Internal Design Code A113772 ("Subject Design V").

56.   In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design V (hereinafter "Accused Garments V"). A true and correct copy of Subject Design V, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design V, is attached hereto as Exhibit 22.

## CLAIMS RELATED TO DESIGN A112886

57.   At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a colorful abstract design which it had allocated Internal Design Code A112886 ("Subject Design W").

58.   In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design W (hereinafter "Accused Garments W"). A true and correct copy of Subject Design W, as well as an exemplar of a

1  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design W, is
2  attached hereto as Exhibit 23.

3  <u>**CLAIMS RELATED TO DESIGN NOS. A113511/ M114409**</u>

4      59.    At least as early as July 2009, Plaintiff was publishing and offering for
5  sale a two-dimensional artistic rendering of intensely detailed symmetrical paisley
6  patterns which it had allocated Internal Design Codes A113511/ M114409 ("Subject
7  Design X").

8      60.    In early 2010, Plaintiff's investigation into the unlawful use of its
9  proprietary designs revealed that EXIST was purchasing, distributing and selling for
10  profit, garments which infringed Subject Design X (hereinafter "Accused Garments
11  X"). A true and correct copy of Subject Design X, as well as an exemplar of a
12  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design X, is
13  attached hereto as Exhibit 24.

14  <u>**CLAIMS RELATED TO DESIGN A111002**</u>

15      61.    At least as early as July 2009, Plaintiff was publishing and offering for
16  sale a two-dimensional artistic rendering of a colorful paisley print which it had
17  allocated Internal Design Code A111002 ("Subject Design Y").

18      62.    In early 2010, Plaintiff's investigation into the unlawful use of its
19  proprietary designs revealed that EXIST was purchasing, distributing and selling for
20  profit, garments which infringed Subject Design Y (hereinafter "Accused Garments
21  Y"). A true and correct copy of Subject Design Y, as well as an exemplar of a
22  garment sold by EXIST in violation of Plaintiff's copyright in Subject Design Y, is
23  attached hereto as Exhibit 25.

24  <u>**CLAIMS RELATED TO DESIGN M114751**</u>

25      63.    At least as early as July 2009, Plaintiff was publishing and offering for
26  sale a two-dimensional artistic rendering of colorful paisley variations sizes which it
27  had allocated Internal Design Code M114751 ("Subject Design Z").

28

64.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design Z (hereinafter "Accused Garments Z"). A true and correct copy of Subject Design Z, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design Z, is attached hereto as Exhibit 26.

<strong><u>CLAIMS RELATED TO DESIGN M115195</u></strong>

65.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of a symmetrical medallion pattern which it had allocated Internal Design Code M115195 ("Subject Design AA").

66.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design AA (hereinafter "Accused Garments AA"). A true and correct copy of Subject Design AA, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design AA, is attached hereto as Exhibit 27.

<strong><u>CLAIMS RELATED TO DESIGN M115025</u></strong>

67.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of paisley patterns of various sizes which it had allocated Internal Design Code M115025 ("Subject Design BB").

68.     In early 2010, Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design BB (hereinafter "Accused Garments BB"). A true and correct copy of Subject Design BB, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design BB, is attached hereto as Exhibit 28.

14<br>COMPLAINT

## CLAIMS RELATED TO DESIGN A110455

69.     At least as early as July 2009, Plaintiff was publishing and offering for sale a two-dimensional artistic rendering of paisley patterns of various sizes which it had allocated Internal Design Code A110455 ("Subject Design CC").

70.     In November of 2010 Plaintiff found garments manufactured by EXIST which bore an unauthorized reproduction of Subject Design CC for sale at ROSS, including but not limited to dressed sold under the "Cristinalove" label bearing Exist Style No. 29-226 and ROSS SKU No. 400057399124.

71.     Plaintiff's investigation into the unlawful use of its proprietary designs revealed that EXIST was purchasing, distributing and selling for profit, garments which infringed Subject Design CC (hereinafter "Accused Garments CC"). A true and correct copy of Subject Design CC, as well as an exemplar of a garment sold by EXIST in violation of Plaintiff's copyright in Subject Design CC, is attached hereto as Exhibit 29.

## Other Claims Related To The Designs

72.     Subject Designs A-CC will hereinafter be referred to collectively as the "Subject Designs."

73.     Prior to the alleged infringement, Plaintiff had formatted the Subject Designs for use on textiles, sampled the Subject Designs to prospective customers and negotiated sales of fabric bearing the Subject Designs.

74.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Designs.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

75.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

76.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

77.   Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

78.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

79.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

80.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

81.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

82.   Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

83.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

84.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

85.   By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

1      86.    Due to Defendants' acts of copyright infringement as alleged herein,

2  Defendants, and each of them, have obtained direct and indirect profits they would

3  not otherwise have realized but for their infringement of the Subject Designs. As

4  such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

5  indirectly attributable to Defendants' infringement of the Subject Designs, in an

6  amount to be established at trial.

7                                   **PRAYER FOR RELIEF**

8  Wherefore, Plaintiff prays for judgment as follows:

9                                   ***Against All Defendants***

10  1.   With Respect to Each Claim for Relief

11          a.  That Defendants, their agents and employees be enjoined from

12               infringing Plaintiff's copyrights in any manner, specifically those for the

13               Subject Designs;

14          b.  That Plaintiff be awarded all profits of Defendants plus all losses of

15               Plaintiff, plus any other monetary advantage gained by the Defendants

16               through their infringement, the exact sum to be proven at the time of

17               trial, or, if elected before final judgment, statutory damages as available

18               under the Copyright Act, 17 U.S.C. § 101 et seq.;

19          c.  That Plaintiff be awarded its attorneys' fees as available under the

20               Copyright Act U.S.C. § 101 et seq.;

21          d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

22          e.  That Plaintiff be awarded the costs of this action; and

23          f.  That Plaintiff be awarded such further legal and equitable relief as the

24               Court deems proper.

25  ///

26  ///

27  ///

28                                 **18**

1    A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND

2  CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

3

4  Dated: December 1, 2010            **DONIGER / BURROUGHS APC**

5

6                                      By: _____

7                                      Stephen M. Doniger, Esq.
                                       Attorneys for Plaintiff

8                                      L.A. PRINTEX INDUSTRIES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        **19**
                                     **COMPLAINT**

# EXHIBIT 1