Sean E. Macias, SBN 201973
**MACIAS COUNSEL, INC.**
302 W. Colorado Blvd.
Pasadena, California 91105
Tel: (626) 844-7707
Fax: (626) 844-7717

Robert C. Kain, Jr. (pro hac vice)
Darren Spielman (pro hac vice)
Kain & Associates, Attorneys at Law, P.A.
900 S.E 3rd Ave, Suite 205
Ft. Lauderdale, FL 33316
Tel: 954-768-9002
Fax: 954-768-0158

Attorneys for Defendants Exist, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK, a California Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> EXIST, INC. a Florida Corporation; ROSS STORES, INC., a California Corporation, and DOES 1-10, <br><br> Defendants. | Case No.: CV 10-9383 DMG (AJWx) <br><br> **EXIST'S POST HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS AND CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER** <br><br> Date:   June 24, 2013 (hearing held) <br> Time:   10:00 a.m. <br> Ctrm:   690 <br> Judge:  Andrew J. Wistrich |

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION

Pursuant to the Court's request during the hearing on June 24, 2013 on Defendant Exist's Motion for Sanctions, D.E. 202, Plaintiff AVID's Motion to Modify the Protective Order (filed as a Joint Stipulation for this contested motion), D.E. 203, and Exist's Ex Parte Application for Sanctions, D.E. 218, EXIST hereby submits this post-hearing supplemental memo to establish that AVID violated the Protective Order, D.E. 26, when it filed the Rule 408 emails, D.E. 216-2.

### 1.    The Protective Order Covers Data and Summaries of the Data

The stipulated, agreed-to Protective Order, D.E. 26, confirmed by the Court states that:

> "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, … now or hereafter in existence that is designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this Order and: (a) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., … and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and (c) is otherwise regarded by a party as being confidential, private, or proprietary in nature; and (d) as illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Order, including, but not limited to, customer lists, confidential financial information of the parties, including profit margins, pricing information, sales data, costs, profits, and **retail sales summaries**, vendor lists, **order summaries**, confidential contracts, and proprietary fabric/style specifications.

D.E. 26, pg. 3, Section (A)(1)(emphasis added).

It cannot be disputed that summaries of Confidential Data fall within the

scope of the Protective Order.

2.    Confidentiality Is Critical Under Fed.R.Evid. 408 Negotiations

Fed.R.Evid 408(a)(1) states that "Evidence of the following is not admissible … (2) conduct or a statement made during compromise negotiations about the claim…"  The listed exceptions include (i) when offered in a criminal case, F.R.E. 408 (a)(2); (ii) in negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority; id. and (iii) when the court determines that the 408 evidence should be admitted "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."  F.R.E. 408(b).

However, the Advisory Committee Notes make it clear that the prime purpose of F.R.E. 408 is to promote confidential and constructive settlement negotiations between parties in an effort to resolve disputes.

> The amendment makes clear that Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations. If a party were to reveal its own statement or offer, this could itself reveal the fact that the adversary entered into settlement negotiations. The **protections of Rule 408 cannot be waived unilaterally** because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury. Moreover, proof of statements and offers made in settlement would often have to be made through the testimony of attorneys, leading to the risks and costs of disqualification. See generally Pierce v. F.R. Tripler & Co., 955 F.2d 820, 828 (2d Cir. 1992) (settlement offers are excluded under Rule 408 even if it is the offeror who seeks to admit them; noting that the "widespread admissibility of the substance of settlement offers could bring with it a rash of motions for disqualification of a party's chosen counsel who

would likely become a witness at trial").
Fed.R.Evid. 408, Committee Notes on Rules 2006 Amendment.

For AVID to argue that the F.R.E. 408 Emails (see D.E. 216-2) are NOT confidential because the emails are not marked "Confidential" ignores the key confidential provisions of F.R.E. 408, ignores decades of practice by opposing counsel that, in order to effectively settle cases, one typically exchanges summaries of confidential data and is a violation of the Protective Order.  To require marking of all confidential data in F.R.E. 408 communications is contrary to well established law and practice.

3.    The 408 Emails Contain Summaries of Confidential Data.

In its effort to show no bad faith when it made the remark "Just pay the 1.9" (referring to the post-filing demand of $1,900,000 made shortly after the filing of the customer lawsuit, AVID v Whales), AVID filed a string of 18 emails exchanged by counsel for the parties in February and March of 2012.  D.E. 216-2.  Ultimately, co-defendant ROSS STORES was dismissed after the parties entered into a confidential settlement agreement.

The F.R.E. 408 Emails included detailed discussions about (a) EXIST's volume of sales to ROSS; (b) ROSS gross profits; (c) sales by ROSS of EXIST garments; (d) proposed settlement terms and conditions with ROSS; (e) proposed settlement terms and conditions with EXIST; and (f) EXIST's contractual obligations to ROSS in connection with the present lawsuit.

EXIST'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS
AND CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER

While the 408 Emails show an economic basis for AVID's "Just pay the 1.9" post-Whales filing comment, it was completely unnecessary for AVID to disclose all 18 emails and volume ratios of sales to ROSS by EXIST.  A small selection of 1 or 2 emails support the economic justification for the "Just pay the 1.9" comment.

ROSS' volume of sales with EXIST is noted at the bottom of page 2 in the redacted emails.  D.E. 216-2, pg. 2.  Key terms are on pages 4 and 5 wherein AVID brags that "As you know, we have handled hundreds and hundreds of these cases and have abided every confidentiality agreement we have entered into, including substantial settlements with Ross."  EXIST's contractual relationship with ROSS as to the settlement is apparent and ROSS' profits are discussed on page 6 and 7. Volume of EXIST's sales to ROSS is discussed on page 7.

Although the Pretrial Conference Order (PTCO)   does identify EXIST's and ROSS' net profit for accused goods (see PTCO, D.E. 97-1, pgs. 5 and 13, as an example), the volume of sales to other EXIST customers and the percentage of EXIST's sales to other customers as compared to retailer ROSS is not disclosed in the PTCO.

**B. <u>Conclusion</u>**

The disclosure of 18 emails violated the confidential settlement and the disclosure of summaries of EXIST's volume of sales to ROSS compared to EXIST's other retail customers is a violation of the Protective Order.

**EXIST'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS AND CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER**

Dated: June 26, 2012                    By: /s/ Robert Kain

Robert C. Kain, Jr.
Kain & Associates
900 S.E. 3rd Ave. Suite 205
Ft. Lauderdale, FL
Tel: (954) 768-9002
Fax: (954) 768-0158

Sean E. Macias, SBN 201973
MACIAS COUNSEL, INC.
302 W. Colorado Blvd.
Pasadena, California  91105
Tel: (626) 844-7707
Fax: (626) 844-7717
Attorneys for Defendants

EXIST'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS
AND CONTEMPT FOR VIOLATION OF PROTECTIVE ORDER