Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
David R. Shein, Esq. (SBN 235718)
david@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>EXIST, INC., a Florida Corporation; ROSS STORES, INC., a California Corporation; and DOES 1-10<br><br>Defendants. | Case No.:CV 10-9383 JGB (AJWx)<br>*Hon. Jesus G. Bernal Presiding*<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pre-Trial Conference Date: November 18, 2013<br>Time: 11:00 a.m.<br>Courtroom: 1<br><br>TRIAL DATE: December 10, 2013 |

- 1 -

# **TABLE OF CONTENTS**

I.    PLAINTIFF'S CLAIMS ........................................................................3

  A.    Summary Statement of Plaintiff's Claims ........................................3

    1.    Copyright infringement ..........................................................3

    2.    Vicarious/contributory copyright infringement ...............................3

    3.    Willful Copyright Infringement ................................................3

  B.    Elements of Plaintiff's Claims ....................................................3

    1.Copyright Infringement ..........................................................3

    2.Vicarious infringement ..........................................................3

    3.Willful Copyright Infringement ..................................................3

II.   DESCRIPTION OF THE CLAIMS .........................................................4

  A.    Plaintiff Will Prove Liability For Copyright Infringement ...........................4

    1.    Defendants Infringed the Subject Designs by Accessing Said Designs and
        Creating Illegal Reproductions Thereof ........................................4

  B.    Plaintiff Will Prove Willful Copyright Infringement………………………..…6

  C.    Plaintiff Will Seek Its Actual Damages and Exist's Profits ...........................7

    1. Actual Damages ................................................................7

    2. Infringer's Profits ..............................................................9

  D.    Statutory Damages ................................................................9

  E.    Plaintiff Is Entitled to Costs and Attorneys' Fees .................................9

    1. Evidentiary Issues……………………………………………………..10

    2. Bifurcation......................................................................10

    3. Jury Trial .......................................................................10

    4. Attorneys' Fees ................................................................10

    5.  Abandonment of Issues .......................................................11

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# I.   PLAINTIFF'S CLAIMS

## A. Summary Statement of Plaintiff's Claims

Plaintiff Advanced Visual Image Design, LLC doing business as Avid Ink ("Plaintiff") filed the following claims in its operative complaint:

1.   Copyright infringement
2.   Vicarious/contributory copyright infringement[1]
3.   Willful Copyright Infringement

## B. Elements of Plaintiff's Claims

The following elements are required to establish Plaintiff's claims:

1. Copyright Infringement

 a.  Plaintiff is the owner of a valid copyright; and

 b.  Defendants copied original elements from the copyrighted work.

Ninth Circuit Manual of Model Jury Instructions: Civil § 17.4 (2007).

2.  Vicarious Infringement

 a.  Defendant profited directly from the infringing activity of the direct infringer;

 b.  Defendant had the right and ability to supervise or control the infringing activity of the direct infringer; and

 c.  Defendant failed to exercise that right and ability.

Ninth Circuit Manual of Model Jury Instructions: Civil § 17.20 (2007).

3. Willful Copyright Infringement

 b.  Defendant engaged in acts that infringed the copyright; and

 c.  Defendant either had actual knowledge of the infringement or recklessly disregarded the possibility that its conduct was infringing.

---

[1] Plaintiff is abandoning its claim for contributory infringement, as addressed under 2(H).

Ninth Circuit Model Jury Instructions: Civil § 17.27 (2007); *Columbia Pictures Tel. v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 293 (9th Cir.1997).

## II. DESCRIPTION OF THE CLAIMS

### A. Plaintiff Will Prove Liability For Copyright Infringement

Plaintiff pursues a finding of copyright infringement as to Defendants Exist, Inc. ("Exist").

Exist has sold garments bearing 28 near-verbatim replications of over 28 distinct two-dimensional designs ("Subject Designs") owned by Plaintiff in violation of Plaintiff's copyrights.  These garments ("Infringing Garments") were advertised and marketed in catalogs, at industry trade shows and through Exist's sales force throughout the United States. Exist sold the Infringing Garments to retail outlets including to Defendant Ross, a national discount retailer. Exist continued purchasing and selling the Infringing Garments after having been put on notice of their infringing activities through cease and desist correspondence *and well after* the institution of this action.

Exist's unauthorized copying is self-evident. The layouts of the elements in each of Exist's designs at issue are identical to the respective Subject Designs. In or about May 2010, Exist changed several of the designs at issue, including Exist Print Nos. 8, 23, 45, 46, 57, and 71. Plaintiff contends that these "changed" designs are simply unauthorized derivative works since they do little more than change the stylistic elements of each design for stylistically similar elements in a substantially similar layout and with a substantially similar overall look and feel.

1.  <u>Defendants Infringed the Subject Designs by Accessing Said Designs and Creating Illegal Reproductions Thereof</u>

Plaintiff will establish copying by proffering evidence of access and substantial similarity. Access can be shown by proving one or more of the Defendants had an "opportunity to view or copy" the Subject Designs. *Three Boys Music Corp. v.*

- 4 -

*Bolton,* 212 F.3d 477, 483 (9th Cir. 2000). Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981).

Exist operates in the same market as Plaintiff and has knocked off at least 28 of Plaintiff's designs in this case. Exist has met with Plaintiff's sales people and has had access to Plaintiff's designs in the market place generally, including through access to garments sold by Plaintiff's customers.

Access can also be properly inferred in cases where, as here, the infringing designs are so similar—identical, in fact—to the designs at issue, that independent creation is impossible. *Three Boys Music Corp*., 212 F.3d at 485. The more exact the reproduction, the less of a showing of access is necessary. Access need not be shown if Plaintiff's copyrighted work and the infringing work are "strikingly similar." *Baxter v. MCA, Inc.,* 812 F.2d 421, 423 (9th Cir. 1987). As set forth more fully below, the designs are strikingly similar, if not identical, and the record reflects no evidence of independent creation. In addition, Defendants have not produced a scintilla of evidence to show that some party other than Plaintiff created the designs at issue.

In addition to access, Plaintiff can show substantial similarity and copying. To make this showing, Plaintiff will advance evidence that the designs are so similar that it is improbable the allegedly infringing designs were independently created, and more likely than not that each of Exist's designs at issue  are illegal copies. After this showing, the burden shifts to the infringing party to show that a design at issue was independently created. *Three Boys Music Corp.,* 212 F.3d at 486. In comparing textile designs for infringement, if an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. *Novelty Textile Mills v. Joan Fabrics*

*Corp.*, 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). Such similarity clearly exists in regard to the graphic designs at issue. All elements of the designs (except for those few prints allegedly changed by Exist in May 2010) are virtually identical, and the overall motif and total look and feel of the designs are also virtually identical. In light of the above showings of access and substantial similarity, there is no question that Defendants are liable for copyright infringement.

### B.    Plaintiff Will Prove Willful Copyright Infringement

Copyright infringement is "willful" if it is shown that one has committed the infringement "with knowledge that [one's] conduct constitutes copyright infringement." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc*., 106 F.3d 284,293 (9th Cir. 1997) (reversed on other grounds). Willful infringement also exists when "the defendant recklessly disregarded the possibility that its conduct represented infringement." *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 112 (2d Cir. 2001) (internal quotations and citation omitted).

Continuing the sales of product after receipt of notice of infringement constitutes willful infringement. *Dolman v. Agee*, 157 F.3d 708, 711, 715 (9th Cir. 1998). Given that Defendants continued ordering and selling the Infringing Garments after being put on notice of their infringing conduct by Plaintiff's cease and desist correspondence and the filing of this action, there is no question that they were willful in their infringement.

Exist modified six of its infringing designs. However, notwithstanding those modifications, the modified designs remain substantially similar to certain Subject Designs and are further indicia of willful infringement. Slight modifications made to obfuscate an act of piracy do not allow an infringer to escape liability for the infringement. *Runge v. Lee*, 441 F.2d 579, 582 (9th Cir. 1971). As Judge Learned Hand noted, "[copyright infringement] cannot be limited literally to the text, else a plagiarist would escape by immaterial variations." *Nichols v. Universal Pictures*

*Corp.*, 45 F.2d 119, 121 (2nd Cir. 1930). The Ninth Circuit specifically adopted this view, holding:

> [An] infringement is not confined to literal and exact repetition or reproduction; it includes also the various modes in which the matter of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable alterations to disguise the piracy.

*Universal Pictures Co., Inc. v. Harold Lloyd Corp.*, 162 F.2d 354, 360 (9th Cir. 1947).

In fact, the very existence of such slight differences is clear evidence of the willful nature of the copying. *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315 (2d Cir. 1969) ("'While the trial court placed great emphasis on the minor differences between the two design patterns, we feel that the very nature of these differences only tends to emphasize the extent to which the defendant has deliberately copied from the plaintiff.") (emphasis added); *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 619 (7th Cir. 1982) (defendant's "superficial changes . . . may be viewed as an attempt to disguise an intentional appropriation of [Plaintiff's] expression."), *superseded on other grounds*.

## C.   Plaintiff Will Seek Its Actual Damages and Exist's Profits

Plaintiff is entitled to its actual damages as well as the profits of the infringing parties. The owner of an infringed copyright is entitled to recover two types of damages: (1) the actual damages suffered by him or her as a result of the infringement, and (2) any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b).  Plaintiff has established that an award of AVID's damages, and Exist's profits, is justified.

### 1.   Actual Damages

Plaintiff should recover the actual damages it suffered as a result of the infringement. 17 U.S.C. § 504(b). Here, Exist purchased the Infringing Garments from an overseas garment supplier, Philosophy Textile. Had Exist purchased the

1  garments directly from Plaintiff, instead of violating Plaintiff's rights, Plaintiff would

2  have realized substantial profits. The decision made by Exist to purchase the

3  infringing fabric from Philosophy Textile denied Plaintiff these rightful profits. As

4  such, Plaintiff is entitled to recover damages in the amount of its lost profits at time

5  of trial.

6                       2.    Infringer's Profits

7         Plaintiff is also entitled to recover the profits of Exist to the extent they do not

8  overlap with Plaintiff's profits. In establishing the infringer's profits, the copyright

9  owner is required to present proof only of the infringer's gross revenue, and the

10  infringer is required to prove his or her deductible expenses and the elements of profit

11  attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b).  Where

12  there is a commingling of gains, it is the burden of the copyright infringer to prove

13  the separation of the profits and what portion of total profits is attributable to non-

14  infringing elements. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406

15  (1940).  If infringed portions are so suffused and intertwined with non-infringing

16  portions as to render an apportionment impossible no apportionment is appropriate.

17  *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 407 (2d Cir.

18  1989); *see also Belford v. Scribner*, 144 U.S. 488, 508 (1892).

19         Plaintiff will seek to disgorge all profits realized by Exist through its sales of

20  the Infringing Garments. Once Plaintiff presents proof "of the infringer's gross

21  revenue," it has carried its burden; at which point "the infringer is required to prove .

22  . . deductible expenses" and "what percentage of the infringer's profits" were not

23  attributable to copying the infringed work.  *Three Boys Music Corp.*, 212 F.3d at 487;

24  17 U.S.C. § 5-4(b).

25         In this Circuit, "[t]he rule is that one deducts from the gross sales price the

26  costs that are directly attributable to the items in question. But general overhead, such

27  as management, rent, telephones, designers, and the like are not to be deducted, since

28

- 8 -

they are, by hypothesis, there whether the particular item is sold or not. Only if a particular "overhead" item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole." *JBJ Fabrics, Inc. v. Mark Industries, Inc.,* 1987 U.S. Dist. LEXIS 13445 (C.D. Cal. Nov. 4, 1987); *see also* Judge Posner's discussion in *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983); 3 NIMMER ON COPYRIGHT § 14.02 (1987); and FARNSWORTH, CONTRACTS § 12.10 (1982). "The Ninth Circuit is in accord with this view." *JBJ Fabrics*, 1987 U.S. Dist. LEXIS 13445 at *15 (citing *Kamar International, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1333 (9th Cir. 1984)). Plaintiff will seek to recover the totality of each Defendant's revenues from sales of the Infringing Garments, and interest thereupon.

### D.     Statutory Damages

Plaintiff reserves the right to elect to seek statutory damages under 17 U.S.C. § 504 (c) and enhanced damages for willful infringement.

### E.     Plaintiff Is Entitled to Costs and Attorneys' Fees

Plaintiff is entitled to recover its fees and costs.  Section 505 of the Copyright Act specifically authorizes an award of attorneys' fees to the prevailing party as part of the costs. 17 U.S.C. § 505.  A number of factors are considered in assessing fees and costs, including: "(1) the degree of success of obtained, (2) frivolousness, (3) motivation, (4) the objective unreasonableness of the losing party's factual and legal arguments, and (5) the need, in particular circumstances, to advance considerations of compensation deterrence." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied,* 523 U.S. 1021 (1998).

All of these factors militate in favor of an award of costs and attorneys' fees to Plaintiff.  Plaintiff's motivation was positive in that it sought to protect its proprietary designs, while Defendants' motivation was poor, in that they appear to have knowingly knocked-off the Subject Designs.  Further, these Defendants need a strong

- 9 -

deterrent, given that they have exhibited a pattern and practice of infringement. Finally, while willfulness exists in this case, a finding of willfulness is not required to justify an award of attorney's fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1997) (upholding award of $1.3 million in attorneys' fees to prevailing party). Given that, at the very least, Defendants were reckless in their infringement, and have failed to take accountability for their infringement, costs and attorneys' fees should be awarded.

### 1. Evidentiary Issues

Defendant seeks to limit the scope of Plaintiff's copyrights in its M Designs to only new materials added to its underlying A Designs. Plaintiff filed its motion in limine no. 4 to preclude Defendant from seeking to limit the scope of Plaintiff's copyrights. The Court's subsequent ruling on the parties joint cross-motions for partial summary judgment (DE 197) forecloses Defendant's argument and thus Defendant should be precluded from making such arguments to the jury and providing testimony and evidence in support of this argument. The Court found that Plaintiff was entitled to claim copyright protection in all portions of its designs that it owns, including the M Designs. Specifically the Court held, "*insofar as [Plaintiff] is the owner of the derivative work and the original work on which the derivative work is based, the registered copyright in a derivative work also encompasses the original works within.*" DE 197, p. 12, ll. 11 – 14 (emphasis added). Thus Plaintiff's  motion in limine no. 4 has effectively been decided in Plaintiff's favor, but Plaintiff believes that an order consistent with this law of the case should issue.

### 2. Bifurcation

Plaintiff does not request bifurcation.

### 3. Jury Trial

Plaintiff has requested a jury trial.

### 4. Attorneys' Fees

- 10 -

As noted above, Plaintiff will seek reimbursement of the costs and fees it has incurred prosecuting this meritorious action for copyright infringement.

**5.  <u>Abandonment of Issues</u>**

Plaintiff will not pursue its claim of contributory infringement, but will not abandon any other claims.

Respectfully submitted,

DONIGER / BURROUGHS APC

Date: November 15, 2013        By:    <u>/s/ Stephen M. Doniger</u>
Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW