Sean E. Macias, SBN 201973
**MACIAS COUNSEL, INC.**
302 W. Colorado Blvd.
Pasadena, California  91105
Tel: (626) 844-7707
Fax: (626) 844-7717

Robert C. Kain, Jr. (pro hac vice)
Darren Spielman (pro hac vice)
Kain & Associates, Attorneys at Law, P.A.
900 S.E 3rd Ave, Suite 205
Ft. Lauderdale, FL 33316
Tel: 954-768-9002
Fax: 954-768-0158

Attorneys for Defendants Exist, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED VISUAL IMAGE DESIGN, LLC, dba AVID INK, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>EXIST, INC., a Florida Corporation; ROSS STORES, INC., a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No.: CV10-9383 JGB (AJWx)<br>*Honorable Jesus G. Bernal Presiding*<br><br>**DEFENDANT'S SECOND AMENDED CONTENTIONS OF LAW AND FACT AND TRIAL BRIEF (L.R. 16-10(a))**<br><br>**TRIAL: December 10, 2013**<br>**Courtroom 1** |

1

# Table of Contents

A.    DEFENDANT'S CONTENTIONS OF LAW . . . . . . . . . . . . . . . . . . . 3

  i.  Invalidity of Copyrights . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.  The Designs Are Not Original . . . . . . . . . . . . . . . . . . . . . 3

    2.  Unauthorized Use of Preexisting Works . . . . . . . . . . . . . . 4

  ii.  No Access to Designs . . . . . . . . . . . . . . . . . . . . . . . . . . 5

  iii.  No Substantial Similarity . . . . . . . . . . . . . . . . . . . . . . . . 5

  iv.  Defendant's Actions Do Not Amount to Willful Infringement . . . . . . . . 5

  v.  Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*II.*   *DEFENDANT'S AFFIRMATIVE DEFENSES* . . . . . . . . . . . . . . . . 7

  i.  Plaintiff's Requested Relief Should be Denied Due to Unclean Hands . . . . 7

  ii.  Plaintiff is Estopped From Obtaining the Requested Recovery . . . . . . . . 8

  iii.  Innocent Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B.    DEFENDANT'S CONTENTIONS OF FACT . . . . . . . . . . . . . . . . . . 9

  i.  Invalidity of Copyrights . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    1.  Designs Are Not Original . . . . . . . . . . . . . . . . . . . . . . . 9

    2.  Unauthorized Use of Preexisting Works . . . . . . . . . . . . . . 10

  ii.  No Access to Designs . . . . . . . . . . . . . . . . . . . . . . . . . . 10

  iii.  No Substantial Similarity . . . . . . . . . . . . . . . . . . . . . . . . 11

  iv.  Defendant's Actions Do Not Amount to Willful Infringement . . . . . . . . 11

  v.  Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

  vi.  DEFENDANT'S AFFIRMATIVE DEFENSES . . . . . . . . . . . . . . . 12

  1.  Plaintiff's Requested Relief Should be Denied Due to Unclean Hands . . . 12

  2.  Plaintiff is Estopped From Obtaining the Requested Recovery . . . . . . . 14

  3.  Innocent Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . 16

C.    RESERVATION OF RIGHTS TO REVISE CONTENTIONS: . . . . . . . 17

Defendant Exist Inc. (hereinafter referred to as "Defendant") hereby files Defendant's Contentions of Law and Fact as follows:

## A.      DEFENDANT'S CONTENTIONS OF LAW

**I.**      Plaintiff has the burden of proving the following by a preponderance of the evidence: first, the plaintiff is the owner of a valid copyright, and second, the defendant copied original elements from the copyrighted work.  <u>Feist Publications v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991) (two elements that must be proved by the plaintiff to establish infringement are: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); <u>Swirsky v. Carey</u>, 376 F.3d 841, 844 (9th Cir.2004).

## i.      Invalidity of Copyrights

### 1.      The Designs Are Not Original

Designs are not original if they lack some minimal creativity and are a simple presentation of preexisting works. <u>Feist Publications, Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340, 345 (1991) ("Original, as the term is used in copyright, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity.");  <u>Satava v. Lowry</u>, 323 F.3d 805, 810–12 (9th Cir.), cert. denied, 540 U.S. 983 (2003)(minimum of creativity necessary for copyright, it is said to have "thin" copyright protection and only protects against "virtually identical copying."); <u>Apple Computer, Inc. v. Microsoft Corp.</u>, 35 F.3d 1435, 1442 (9th Cir.1994) ("thin" copyright requires "virtually identical copying"), cert. denied, 513 U.S. 1184 (1995); <u>Urantia Foundation v. Maaherra</u>, 114 F.3d 955, 958–59 (9th Cir.1997) (selection and arrangement of "greater being's" revelations was not so mechanical as to lack originality). The Ninth Circuit has found that the combination of six unprotectable elements was not enough for copyright

protection. The court noted that the work is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. <u>Lamps Plus v Seattle</u>, 345 F3d 1140 (9th Cir 2003). Original aspects of the work must be more than trivial for derivative work protection. <u>Enter. Research v Genesis</u>, 122 F3d 1211 (9th Cir. 1997). The "Compendium II of Copyright Office Practices 307.01 (1984) states that '[a]ny compilation consisting of less than four selections is considered to lack the requisite original authorship.'" <u>Lamps Plus</u> at 1146.

Whether a copyright is entitled to broad or thin protection is a question of law for the court to decide.  <u>LA Printex v Belk</u>,  Case No. 08-08268 DMG, Order on Summary Judgment, Feb 2, 2011 @ 9 (J. Gee).


2.    <u>Unauthorized Use of Preexisting Works</u>

Works which incorporate preexisting work, without obtaining permission to use and reproduce such preexisting work will invalidate a copyright. <u>Sobhani v. @Radical.Media, Inc.</u>, 257 F.Supp.2d 1234 (C.D. Cal. 2003); <u>Sapon v. DC Comics</u>, 2002 U.S. Dist. LEXIS 5395, 27-29 (S.D.N.Y. Mar. 28, 2002)("In Section 103(a) of the Copyright Act, Congress contemplated that a derivative work could be simultaneously protected and infringing: 'protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.' Thus, situations can arise where a derivative work unlawfully contains preexisting material in one portion of the work, but not in the other. The part which does not contain infringing material may be protected if it is original."); <u>Oravec v. Sunny Isles Luxury Ventures, L.C.</u>, 527 F3d 1218, 1231 (11th Cir. 2008).

### ii.   No Access to Designs

"Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 481 (9th Cir.2000). Plaintiff must prove that Defendant copied the work by showing that Defendant had access to Plaintiff's copyrighted work and that there are substantial similarities between Defendant's work and original elements of Plaintiff's work. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1018 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986)(discusses substantial similarity and independent creation).

### iii.   No Substantial Similarity

Copyright owner's rights only relate to the original material it added to preexisting works.  All preexisting work must be excluded from copyright owner's designs and thereafter, the resulting "original material" added by copyright owner should then be compared against alleged infringer's designs.  Plaintiff must prove that Defendant copied the work by showing that Defendant had access to Plaintiff's copyrighted work and that there are substantial similarities between Defendant's work and original elements of Plaintiff's work. <u>Transgo, Inc. v. Ajac Transmission Parts Corp.</u>, 768 F.2d 1001, 1018 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986)(discusses substantial similarity and independent creation).  Public domain components are to be considered in determining infringement.  <u>Hamil v GFI</u>, 193 F.3d 92, 100-02 (2d Cir. 1999).

### iv.   Defendant's Actions Do Not Amount to Willful Infringement

Willfulness requires both knowledge and the absence of good faith belief that the further acts did not constitute infringement.  <u>John Wiley & Sons, Inc. v. Kirtsaeng</u>, 654 F.3d 210, 223 n48 (2d Cir. N.Y. 2011) holds that "infringement is

'willful' for the purpose of awarding  enhanced statutory damages only if the defendant had 'knowledge that [his] actions constitute[d] an infringement' or if the defendant exhibited 'reckless disregard of the copyright holder's rights'" (citing N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992)). Zomba Enters. v. Panorama Records, Inc., 491 F.3d 574, 584 (6th Cir. 2007)("For infringement to be 'willful,' it must be done 'with knowledge that [one's] conduct constitutes copyright infringement.' Princeton Univ. Press, 99 F.3d at 1392 (quoting NIMMER, 3 NIMMER ON COPYRIGHT § 14.04[B][3] (1996)). Accordingly, 'one who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes.' Id. This belief must be both (1) reasonable and (2) held in good faith. See id.").

**v.     Damages**

The Parties have stipulated to Exist's net profits on a design-per-design basis. Assuming that the jury finds the registrations valid, copyright owner is only entitled to a portion of these profits.  First, copyright protection afforded to a derivative work is limited to the "incremental originality" added to the work, and does not extend to the underlying preexisting works. See Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1193 (7th Cir. 1987), see also Theotokatos v. Sara Lee Pers. Prods., 971 F. Supp. 332, 341 (N.D. Ill. 1997). Second, any unauthorized use of a preexisting work must be excluded under an apportionment theory. Sapon v. DC Comics, 2002 U.S. Dist. LEXIS 5395, 27-29 (S.D.N.Y. Mar. 28, 2002)("In Section 103(a) of the Copyright Act, Congress contemplated that a derivative work could be simultaneously protected and infringing: 'protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.' Thus, situations can arise where a derivative work

unlawfully contains preexisting material in one portion of the work, but not in the other. The part which does not contain infringing material may be protected if it is original."); see also <u>Oravec v. Sunny Isles Luxury Ventures, L.C.</u>, 527 F.3d 1218, 1231 (11th Cir. Fla. 2008).

Third, with respect to a claim for lost profits, the copyright owner must disclose gross receipts in a pre-defined accounting period and the associated expenses for that same accounting period.  Plaintiff must establish a "net profit margin" to establish what its lost profits might have been in connection with the alleged infringement.  <u>Frontline Med. Assocs. v. Coventry Health Care</u>, 263 F.R.D. 567, 569 (C.D. Cal. 2009)("If Plaintiff intends to seek lost profits, it should also state its computation of expenses and lost profits. Simply producing financial statements without this type of explanation is not sufficient. '[B]y its very terms Rule 26(a) requires more than providing -- without any explanation -- undifferentiated financial statements; it requires a 'computation,' supported by documents.'")

## II.   *DEFENDANT'S AFFIRMATIVE DEFENSES*

### i.   **Plaintiff's Requested Relief Should be Denied Due to Unclean Hands**

The copyrights are unenforceable due to Plaintiff's unclean hands and relief should be denied. For this defense, Defendant can establish that (1) Plaintiff misused the process of the Copyright Office by falsifying information in preparation of this suit against Defendant; (2) Plaintiff misrepresented the scope of its copyrights in the re-registration process when it filed this lawsuit; (3) misrepresented the scope of its copyright claims during discovery by refusing to disclose information about the original "A" designs while aggressively asserting modifications and derivative "M" design works; (4) destroyed underlying evidence; (5) filing copyright applications during the course of the litigation (see Order on motions in limine, D.E. 132; (6) use of

witnesses who financially benefit based upon their testimony at trial; and (7) other facts showing wrongful acts related to Defendant in connection with this action. The defense of unclean hands is recognized "when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." 4 Nimmer on Copyright § 13.09[B] (citing L.A. News Serv. v. Tullo, 973 F.2d 791, 799 (9th Cir. 1992)); see also Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 990-991 (9th Cir. Ariz. 2009).

**ii.   Plaintiff is Estopped From Obtaining the Requested Recovery**

Even if Plaintiff has copyrights on its designs, it cannot enforce its copyrights due to laches or estoppel. For laches or estoppel to attach, Defendant will establish that (1) Plaintiff delayed in correcting its earlier copyright registrations; and (2) Defendant was prejudiced by the delay.

Defendant stopped all production of the accused designs within 30 days of the May 4 Snell and Wilmer letter and, for the designs it continued to manufacture, Exist changed those designs such that the revised designs were no longer infringements of Avid's designs.

"The test for laches is two-fold: first, was the plaintiff's delay in bringing suit unreasonable? Second, was the defendant prejudiced by the delay?" Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 838 (9th Cir. 2002); Tillamook Country Smoker, Inc. v. Tillamook County Creamery Association, 465 F.3d 1102, 1108 (9th Cir. 2006).

**iii.   Innocent Infringement**

Defendant is an innocent infringer because (1) they were not aware that their acts constituted infringement of the copyright; and (2) they had no reason to believe that their acts constituted  an infringement of the copyright law. See Los Angeles News Serv. v. Reuters Television Int'l, 149 F.3d 987, 995 (9th

Cir.1998)(Whether defendant's infringement was innocent is a factual determination); <u>Los Angeles News Serv. v. Tullo</u>, 973 F.2d 791, 800 (9th Cir.1992)(a finding of innocent infringement is a factor in assessing statutory damages).

**B.    DEFENDANT'S CONTENTIONS OF FACT**

**i.    Invalidity of Copyrights**

Avid's copyrights for its designs are invalid for one or more of the following reasons.

**1.    Designs Are Not Original**

Avid's designs are not original because they lack some minimal creativity and are a simple presentation of preexisting works.   The following Avid Designs lack minimal creativity in that they copied other works, and are not more than the combination of 4 - 6 unprotectable elements.   The first number/alpha character refers to Avid's complaint exhibit number.   Avid's design is then matched to Exist's print number.

Avid Design A102868; Exist Print No.  #45 Dk Brown

Avid Design A110352; Exist Print No.  #71 White/Black

Avid Design A110455 (not asserted in complaint, subject to Exist motion in limine); Exist Print No. #9, Black/White

Avid Design A110757; Exist Print No.  #46 Wht/Blk

Avid Design A111971; Exist Print No.  #34 Monarch

Avid Design A112523; Exist Print No.  #25 multi

Avid Design A112607; Exist Print No.  #24 Royal

Avid Design A112883; Exist Print No.  #85 Brown

Avid Design A113018; Exist Print No.  #23 Beige

Avid Design A113287; Exist Print No.  #201

Avid Design A113736; Exist Print No.  #21 Green

Avid Design A113772; Exist Print No.  #3 Pink

Avid Design M109830 (modified from A104898); Exist Print No.  Abstract

Avid Design M111486; (modified from A106013); Exist Print No.  #54 Lt Blue

Avid Design M111562, (modified from A109570); Exist Print No.  #39 Purple

Avid Design M113443(modified from A109775); Exist Print No.  #27 Blue

Avid Design M114409 and/or A113511; Exist Print No.  #87 Lt Orange

Avid Design M115025; Exist Print No. #83 Brown

Avid Design M115195; Exist Print No. #74 red,

## 2.  Unauthorized Use of Preexisting Works

Avid's registrations are invalid because the Avid design incorporates preexisting work and Avid never obtained permission to use and reproduce such preexisting work.  The following is a list of Avid designs which are invalid for this reason.

Avid Design A111002 and/or M114751; Exist Print No. #57 Turquoise

Avid Design A111971; Exist Print No.  #34 Monarch

Avid Design A112883; Exist Print No.  #85 Brown

Avid Design A113772; Exist Print No.  #3 Pink

Avid Design A11388; Exist Print No.  #74 Red;

Avid Design M109830 (modified from A104898); Exist Print No.  Abstract

Avid Design M114409 and/or A113511; Exist Print No.  #87 Lt Orange

Avid Design M115195; Exist Print No. #74 red,

## ii.  No Access to Designs

Exist had no access to Avid's designs prior to manufacturing the accused products. Testimony will show that the principals of Exist visited a Chinese

clothing manufacturer in China, viewed hundreds of designs, and selected various ones, all without prior knowledge or exposure to Avid's designs.

### iii.    No Substantial Similarity

Avid's rights only relate to the original material it added to preexisting works. All preexisting work must be excluded from Avid's designs and thereafter, the resulting "original material" added by Avid should then be compared against Exist's designs. Plaintiff cannot prove that Defendant copied original work. Public domain components are to be considered and eliminated in determining infringement.

All Plaintiff's designs suffer from this defect.

### iv.    Defendant's Actions Do Not Amount to Willful Infringement

This dispute began on April 16, 2010 when Avid's prior counsel, Snell & Wilmer, sent Exist an extraordinarily broad letter asserting that Exist's 2010 catalog infringed Avid's copyrights. The April letter did not identify any copyright registrations, Avid designs or specific Exist designs. The April letter did not give Exist any notice of infringement. In a follow-up letter on May 4, Snell & Wilmer identified Avid's copyright registrations and several accused style and print designs. On or about May 28, 2010, Exist stopped the manufacture of all accused designs and also changed certain designs to avoid Avid's charges of infringement. On December 7, 2010, Avid sued Exist for copyright infringement asserting infringement of 27 Avid designs, without listing any copyright registrations in its initial complaint. Now AVID has asserted over 40 copyright registrations and applications, ten of which were filed ten days prior to the end of discovery cut-off (January 6, 2012) and one (1) filed after discovery cut-off. Many designs were either re-registered or were the subject of a CA, corrective supplemental application.

Willfulness requires both knowledge and the absence of good faith belief that the further acts did not constitute infringement.   Exist will prove that they had a good faith belief.

**v.    Damages**

The Parties have stipulated to Exist's net profits on a design-per-design basis. Assuming that the jury finds the registrations valid, Avid is only entitled to a portion of these profits.  First, copyright protection afforded to a derivative work is limited to the "incremental originality" added to the work, and does not extend to the underlying preexisting works. Second, any unauthorized use of a preexisting work must be excluded under an apportionment theory.

Third, with respect to Avid's claim for lost profits, Avid has not disclosed to Defendant the gross receipts in a pre-defined accounting period and the associated expenses for that same accounting period.  Therefore, Avid cannot establish a "net profit margin" and therefore cannot establish what its lost profits might have been in connection with the alleged infringement.    AVID has not produced a single financial statement, nor an accounting of gross revenue over a pre-determined period of time, nor provided adequate supporting financial documents.

**vi.    DEFENDANT'S AFFIRMATIVE DEFENSES**

In addition to the defenses listed above, Defendant will prove the following affirmative defenses:

**1.    Plaintiff's Requested Relief Should be Denied Due to Unclean Hands**

The copyrights are unenforceable due to Plaintiff's unclean hands and relief should be denied. For this defense, Defendant can establish that (1) Plaintiff misused the process of the Copyright Office by falsifying information in preparation of this suit against Defendant; (2) Plaintiff misrepresented the scope of its copyrights in the re-registration process when it filed this lawsuit;

(3) misrepresented the scope of its copyright claims during discovery by refusing to disclose information about the original "A" designs while aggressively asserting modifications and derivative "M" design works; (4) destroyed underlying evidence; (5) filing copyright applications during the course of the litigation (see Order on motions in limine, D.E. 132; (6) use of witnesses who financially benefit based upon their testimony at trial; and (7) other facts showing wrongful acts related to Defendant in connection with this action.

Plaintiff's transgressions are serious and directly relate to the subject matter of the infringement.  Defendant will show that Plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action.

All of Plaintiff's designs are defective.

<u>Error: Design was a Derivative:</u> As for the false information about permission to use preexisting work and whether the design was a derivative of a preexisting work, see Section B(i)(2) above.

<u>Error: Failure to Properly List Author:</u> As for errors in authorship resulting in misleading information related to the discovery of how the designs were created and what preexisting artwork was used in the design, see:

Avid Design A109573; Exist Print No.  #84 Purple

Avid Design A111002 and/or M114751; Exist Print No. #57 Turquoise

Avid Design A111228; Exist Print No.  #44 Orange

Avid Design A112607; Exist Print No.  #24 Royal

Avid Design A113287; Exist Print No.  #201

Avid Design A113729; Exist Print No.  #32 Yellow

Avid Design M109830 (modified A104898); Exist Print No.  Abstract

Avid Design M115025; Exist Print No. #83 Brown

Avid Design M115195; Exist Print No. #74 red,

Avid Design M117039 and/or Avid Design A114682; Exist Print No.  #48 Multi

Avid Design M117896 (modified A109983); Exist Print No.  #8 White/Blk

    <u>Error: No Identification of Earlier Registration:</u> As for modified "M" Design registrations that did not identify the earlier registration of the "A" designs, see:

M109830: Reg. No. Val-742-706 (re-registration) does not list A104898

M111486: Reg. No. VA 1-742-712; (re-registration) does not list A106013

M111562: Reg. No. VAl-680-218 as amended by Form CA dated 10/7110, supplementary Reg. No. VA 1-432-778; does not list A109570

M113443: Reg. No. VA 1-742-260 (re-registration) does not list A109775

M113797 : Reg. No. VA l-682-664 amended by Form CA dated 10/7110, supplementary Reg. No. VA 1-432-780; does not list A113178

M114409: Reg. No. VA 1-742-554; (re-registration) does not list A113511

M114751: Reg. No. VA l-742-261 (re-registration) does not list A111002

M115025: Reg. No. VA 1-742-262; (re-registration) does not list A109842

M115195: Reg. No. VAl-680-221 as amended by Form CA dated 10/711 0, supplementary Reg. No. VA 1-432-775; does not list A114504

M117039: Reg. No. VA 1-742-263; (re-registration) does not list A114682

M117896 : Reg. No. VA 1-684-199 amended by Form CA dated 10/4/10, supplementary Reg. No. VA 1-432-782; does not list A109983

## 2.    <u>Plaintiff is Estopped From Obtaining the Requested Recovery</u>

    Even if Plaintiff has copyrights on its designs, it cannot enforce its copyrights due to laches or estoppel. For laches or estoppel to attach, Defendant will establish that (1) Plaintiff delayed in correcting its earlier copyright registrations; and (2) Defendant was prejudiced by the delay. As stated earlier, virtually all copyright registrations listed in the Snell & Wilmer law firm cease and desist letter of May 4, 2010 (the only letter that listed registrations and designs), were revised, corrected or refiled by Plaintiff. Snell & Wilmer identified Avid's copyright registrations and 27 accused style

and print designs. On or about May 28, 2010, Exist stopped all manufacture of the accused designs and changed other designs to avoid Avid's then current complaints. On December 7, 2010, Avid sued Exist for copyright infringement, initially asserting infringement of 27 Avid designs, without listing any copyright registrations. Now Avid asserts over 40 copyright registrations. All but one (1) of the 27 initially asserted registrations was subject to a CA, corrective supplemental application which deleted hundreds and hundreds of designs from the Register.

Plaintiff delayed in bringing suit unreasonably. Also, defendant prejudiced by the delay.

Plaintiff cannot enforce its copyrights due to laches or estoppel. Defendant will establish that (1) Plaintiff delayed in correcting its earlier copyright registrations; and (2) Defendant was prejudiced by the delay.

All but one (1) of the 27 initially asserted registrations was subject to a CA, corrective supplemental application which deleted hundreds and hundreds of designs from the Register.

The following is a list of Avid designs subject to CA registrations.

Avid Design A109573; Exist Print No. #84 Purple

Avid Design A110352; Exist Print No. #71 White/Black

Avid Design A110455 (not asserted in complaint, subject to Exist motion in limine); Exist Print No. #9, Black/White

Avid Design A110757; Exist Print No. #46 Wht/Blk

Avid Design A111002 and/or M114751; Exist Print No. #57 Turquoise

Avid Design A111228; Exist Print No. #44 Orange

Avid Design A111971; Exist Print No. #34 Monarch

Avid Design A112523; Exist Print No. #25 multi

Avid Design A112607; Exist Print No. #24 Royal

Avid Design A112883; Exist Print No. #85 Brown

Avid Design A112886; Exist Print No.  #79 Fuschia

Avid Design A113018; Exist Print No.  #23 Beige

Avid Design A113287; Exist Print No.  #201

Avid Design A113729; Exist Print No.  #32 Yellow

Avid Design A113736; Exist Print No.  #21 Green

Avid Design A113772; Exist Print No.  #3 Pink

Avid Design A11388; Exist Print No.  #74 Red;

Avid Design M109830 (modified from A104898); Exist Print No. Abstract

Avid Design M111486; (modified from A106013); Exist Print No.  #54 Lt Blue

Avid Design M111562, (modified from A109570); Exist Print No.  #39 Purple

Avid Design M113443(modified from A109775); Exist Print No.  #27 Blue

Avid Design M113797 (modified from A113178); Exist Print No.  2945 A-D

Avid Design M114409 and/or A113511; Exist Print No.  #87 Lt Orange

Avid Design M115025; Exist Print No. #83 Brown

Avid Design M115195; Exist Print No. #74 red,

Avid Design M117039 and/or Avid Design A114682; Exist Print No. #48 Multi

Avid Design M117896 (modified from A109983); Exist Print No.  #8 White/Blk

## 3.   **Innocent Infringement**

Defendant is an innocent infringer because (1) they were not aware that their acts constituted infringement of the copyright; and (2) they had no reason to believe that their acts constituted an infringement of the copyright law.

As stated earlier, Defendant stopped all production of the accused designs within 30 days of the May 4 Snell and Wilmer letter and, for the designs it continued to manufacture, Exist changed those designs such that the revised designs were no longer infringements of Avid's designs.

## C.    RESERVATION OF RIGHTS TO REVISE CONTENTIONS:

Defendant reserves the right to supplement its contentions of law and fact based upon events, documents and testimony at trial.

Robert C. Kain, Jr.
**Kain & Associates**
900 S.E. 3rd Ave. Suite 205
Ft. Lauderdale, FL
Tel: (954) 768-9002
Fax: (954) 768-0158
Attorneys for Defendants
Exist, Inc.

By: /s Robert Kain/
Robert C. Kain, Jr.
Admitted Pro Hac Vice

Sean E. Macias, SBN 201973
MACIAS COUNSEL, INC.
302 W. Colorado Blvd.
Pasadena, California  91105
Tel: (626) 844-7707
Fax: (626) 844-7717

Attorneys for Defendant Exist, Inc.

**Certificate of Service**

I hereby certify that on Nov. 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Stephen M. Doniger, Esq.

Stephen@donigerlawfirm.com

DONIGERIBURROUGHS APC

300 Corporate Pointe, Suite 355

Culver City, CA 90230

Attorney for Plaintiff

                                                  s/Robert Kain

                                                  Robert C. Kain, Jr.